## Application of STEPHEN FOSTER HOTEL.

Railroad & Public Utilities Commission.
August 19, 1952.

———•———

Robert L. Floyd, Miami, for applicant.

John H. Wahl, Jr., Miami, for Southern Bell Tel. & Tel. Co.

Mallory H. Horton, Miami, for the Attorney General.

BY THE COMMISSION.

At the request of the sheriff because of illegal use, the applicant's telephone service was discontinued on April 13, 1951, but reinstated a day later on court order. As a result of the litigation it was again discontinued on May 1, 1952. Concluding that the service had been used for illegal purposes, the court dissolved a temporary injunction, dismissed the complaint and fined the corporation and its president and two employees for contempt—for obstructing justice and giving false testimony. See Stephen Foster Hotel v. Southern Bell, 1 Fla. Supp. 147, where the circuit court, per Holt, J., said at page 151:

> There can be only one conclusion in this case. The law of the state has been violated in the use of the telephone equipment mentioned. It is the duty of this court to enforce the law—harsh as it may be.
>
> This hotel operation is valued at $450,000. It cannot operate as a hotel without telephone service. This means closing the doors of the establishment and large financial loss to its owners and operators.
>
> The court must leave the plaintiff where it found it—the temporary injunction will be dissolved and the bill of complaint dismissed—and being so relieved the defendant Southern Bell Tel. & Tel. Co. under the law must disconnect telephone service to this institution.
>
> Moreover, plaintiff's witnesses have testified under oath. The court disbelieves their testimony. This court cannot be used by any one to perpetrate and perpetuate offenses against the laws of this state.

Mr. Levy, president of the hotel corporation, testified that he had learned his lesson and that nothing like this would ever happen again. He and his wife own 50% of the stock in the corporation. Mr. Steinhardt, who with his wife owns the other 50%, testified to the same effect. Neither of them was shown to have had any previous connection with gambling operations, and another citizen testified to their general reputation as fine citizens. They both also testified as to the disastrous effect the lack of telephone service will have on the hotel, as predicted in the above quotation from Judge Holt's opinion.

Under the circumstances it would appear that the applicant will have been sufficiently penalized if it is deprived of telephone service for a period of six months from the date of discontinuance, and that if reinstated the service will not be used for unlawful purposes.

It is therefore ordered that the application be, and it is, granted as above limited, and that the Southern Bell Tel. & Tel. Co. is authorized to reinstate telephone service in the Stephen Foster Hotel at the expiration of six months from the date it was last discontinued.